## GELSHENEN, Assignee, etc., v. HARRIS and others.[1]

### (*Circuit Court, E. D. Wisconsin.* February, 1886.)

SET-OFF AND COUNTER-CLAIM—DEMANDS NOT IN SAME RIGHT—MALICIOUS PROS-
ECUTION OF SUIT BY ASSIGNEE FOR BENEFIT OF CREDITORS—REV. ST. WIS. §
2656.

  In an action by an assignee for the benefit of creditors, appointed in an-
  other state, to recover the purchase price of goods sold by the insolvent to a
  merchant in Wisconsin, damages resulting from the malicious prosecution of
  a former suit for the same cause of action, before the money was due under
  the contract, cannot be made the subject of a counter-claim under Rev. St.
  Wis. 1878, § 2656.

At Law.

*Markham & Noyes,* for plaintiff.

*Flanders & Bottum,* for defendants.

DYER, J. The plaintiff sues to recover the amount of an alleged indebtedness for goods and merchandise sold in October, 1884, by the firm of Henry Levy & Son, of the city of New York, to the defendants, a firm doing business in Milwaukee under the name and style of L. Harris & Sons. The complaint alleges that on the fifteenth day of December, 1884, Levy & Son made a voluntary assignment of their property and assets for the benefit of creditors, under the laws of the state of New York, and that the plaintiff was constituted their assignee in the instrument of assignment, and, as such assignee, became vested with the demand in suit, and entitled to sue for and recover the amount thereof. The allegations of the complaint are admitted by the defendants, but they interpose a counter-claim, in which they allege that the goods and merchandise in question were sold to them on a credit of four months, from December 1, 1884; that before this credit expired the plaintiff brought an action against them in this court upon said demand; that the issue in that case was whether the demand was due when the action was commenced, and that on the trial of that issue there was a verdict for the defendants. It is further alleged that the prosecution of that suit was malicious, and without probable cause; that the defendants sustained damages by reason of the wrongful conduct of the plaintiff in the way of impairment of credit and cancellation of their orders for goods, and those damages they now seek to counter-claim against the plaintiff in this second action to recover the amount of the plaintiff's demand against them. This counter-claim is demurred to on various grounds, one of which is that the cause of action stated therein is not pleadable as a counter-claim against the plaintiff.

The statute of the state provides (section 2656, Rev. St. Wis.) that where the plaintiff is a non-resident of the state, any cause of action

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

whatever, arising within the state and existing at the commencement of the action, may be the subject of a counter-claim in favor of the defendant, but the counter-claim must be one existing in favor of a defendant, and against a plaintiff, *between whom a several judgment might be had in the action.*

The plaintiff sues in a representative capacity. In legal effect, he sues as trustee of the creditors of Levy & Son. It is true that in the same capacity he instituted the previous suit; but if he brought that suit *maliciously,* he did so *in his own individual wrong;* and if any injury resulted to the defendants, it was an injury flowing from the individual act of the plaintiff in instituting and prosecuting the suit. If the cause of action set up in the counter-claim in fact exists, I think it is clearly one against Gelshenen personally, and not in his representative capacity, as assignee or trustee. The estate he represents is not chargeable with the consequences of a malicious wrong he may have committed, unless his *cestuis que trust* participated in the wrongful act. The demand, to recover which the plaintiff sues, is part of the estate of Levy & Son, and belongs to the creditors of that estate, and is being collected by the plaintiff, as assignee, for distribution among the creditors under the assignment.

The plaintiff had no authority, by virtue of his representative character, to incur the responsibility, or subject the estate to the liability, alleged in the counter-claim. If, in the prosecution of the previous action he was actuated by malice, and had no probable cause for bringing the suit, he committed a wrong personal to himself, and by which he, not his *cestuis que trust,* or the estate he represented, incurred liability to the defendants.

The proposition seems so clear that authorities are not needed in support of it. But upon this question, *Westfall* v. *Dungan,* 14 Ohio St. 276, is quite in point. It was there held that, in an action by executors for the recovery of the purchase money of land sold by them as executors, the purchaser could not avail himself of false and fraudulent representations made by the executors at the time of the sale, in respect to its subject-matter, by way of counter-claim; and that the purchaser's remedy, if any, was against the executors personally. Cases cited in the opinion of the court, and there commented on, also have strong application here.

If the wrong complained of by the defendants has in fact been done by the plaintiff, then the defendants ought to bring their action directly against Gelshenen, so that innocent parties who are interested in a speedy settlement of the estate will not be delayed by his wrongful conduct. This was the principle enforced in *George* v. *Bean,* 30 Miss. 151, where fraud was charged by a purchaser of property upon an administrator who had made the sale. The demands here involved are not in the same right. The counter-claim is not one in favor of defendants, and against a plaintiff, between whom a several judgment might be had in the action; and for the reasons stated,

which it has not seemed necessary to elaborate, I am clearly of opinion that the demurrer to the counter-claim should be sustained, and that the plaintiff should have judgment.